**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SANTONIO WATKINS

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:14cr31

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Petitioner Santonio Watkin's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 36) and the United States' Motion to Dismiss § 2255 Petition (Doc. 43). For all the reasons indicated herein, the Court **DENIES** Petitioner's Section 2255 Motion and **GRANTS** the United States' Motion to Dismiss.

**I.   BACKGROUND**

On May 12, 2014, Petitioner pled guilty to one count of Felon in Possession of a Firearm. Based on Petitioner's prior convictions of Robbery and Trafficking in Cocaine, each which constituted a "crime of violence" under U.S.S.G. § 2K2.1(a)(2), the Presentence Report calculated his base offense level to be 24. (Final Presentence Report, ¶ 23). Four levels were added pursuant to U.S.S.G. § 2K2.1(b)(4)(B) because the firearm in the offense had an obliterated serial number, but the offense level was decreased by three levels based on Petitioner's acceptance of responsibility. (Id., ¶¶ 24, 30-31). Petitioner's total offense level was 25. (Id., ¶ 32). On September 17, 2014, this Court sentenced Petitioner to 72 months imprisonment – a sentence that fell below the Sentencing Guidelines range of 100 to 120 months and was the result of the

Court's acceptance of the 72-month sentence that Petitioner agreed to in his plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Petitioner did not file an appeal.

On December 16, 2016, Petitioner filed a *pro se* 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 36). Petitioner argues his sentence should be reconsidered based upon the decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

At the United States' request, the Court held Petitioner's motion in abeyance pending the United States Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). The Court lifted the stay following a decision in *Beckles*. Then, the United States filed its Motion to Dismiss (Doc. 43).

## II.     APLLICABLE STANDARDS

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir.), *cert. denied*, 535 U.S. 967 (2001)).

A one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Therefore, Petitioner's conviction became final on October 1, 2014 – fourteen days after this Court entered his judgment of conviction and sentence. *See* Fed. R.

App. P. 4(b)(1)(A). As a result, Petitioner's time for filing a § 2255 motion expired on October 1, 2015. However, under § 2255(f)(3), a prisoner may file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

## III. ANALYSIS

The Armed Career Criminal Act ("ACCA") imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA is void for vagueness and thus unconstitutional pursuant to the Fifth Amendment's guarantee of due process. *Id.* at 2563.[1] The Supreme Court has confirmed that *Johnson* announced a substantive rule and is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The decision in *Johnson* called into question the validity of the residual clause in the Sentencing Guidelines – specifically, whether they too were unconstitutionally

---

[1]The ACCA states in relevant part:

Any crime punishable by imprisonment for a term exceeding one year . . . that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). The italicized portion is known as the residual clause. The holding left intact 18 U.S.C. § 924(e)(2)(B)(i), the so-called elements clause. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony").

3

vague. However, in *Beckles*, the Supreme Court held that the residual clause of the Guidelines remained intact following *Johnson* because they "do not fix the permissible range of sentences" and thus, are not unconstitutionally vague. *Beckles*, 137 S.Ct. at 892. Because Petitioner was not sentenced under the violent criminal provision of the ACCA and because *Johnson* does not apply to the Sentencing Guidelines, Petitioner does not qualify for relief under *Johnson*.

Petitioner also argues he is entitled to relief under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court analyzed whether an Iowa burglary conviction qualified as a "violent felony" under the ACCA, and in doing so, the Supreme Court clarified the proper application of the categorical and modified categorical approaches. 136 S. Ct. at 2248-49; 18 U.S.C. § 924(e)(2)(B)(ii). However, the Sixth Circuit has concluded that *Mathis* did not announce a new rule of constitutional law, but merely interpreted the statutory word "burglary" in the ACCA. *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017). Moreover, the Supreme Court has not declared *Mathis* retroactively applicable to cases on collateral review. *Id*.

Therefore, Petitioner is not entitled to relief under *Mathis,* and Petitioner's § 2255 motion is not timely under 28 U.S.C. § 2255(f)(3). *Accord Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *1 (6th Cir. June 26, 2017).

IV. **CONCLUSION**

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and

conclusions of law with respect thereto.  *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003).  The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.  Accordingly, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 36) is **DENIED** and the United States' Motion to Dismiss (Doc. 43) is **GRANTED**.

Further, the Court will not issue a certificate of appealability in this case.  When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further.  *Id.* at 484.  This Court concludes that no jurists of reason could find its procedural ruling to be debatable, and therefore no appeal is warranted.

**IT IS SO ORDERED.**

                                                        */s/ Michael R. Barrett*
                                                        Michael R. Barrett, Judge
                                                        United States District Court